UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRAVIS BOWLES,<br><br>Petitioner,<br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 3:18-cv-00272-MMD-WGC<br><br>ORDER |

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court for consideration of petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF No. 1-5), motion for leave to add additional grounds (ECF No. 1-3), and motion to extend his copywork limit (ECF No. 1-4), and for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Following review of petitioner's pauper application, the Court finds that petitioner cannot pay the filing fee. The application for leave to proceed *in forma pauperis* will therefore be granted, and petitioner will not be required to pay the $5 filing fee.

Turning to petitioner's motion for appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d

1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

The petition in this case is sufficiently clear in presenting the issues that petitioner wishes to raise, and the issues are not complex. Therefore, the Court concludes that counsel is not justified in this case, and the motion for appointment of counsel will be denied.

Following review of the petition, the Court will direct service and a response.

Addressing petitioner's motion for leave to add additional grounds, it is unclear what relief petitioner seeks. The motion asks for leave to include grounds up to and including ground 9 in the petition "to avoid procedural barrment." (ECF No. 1-3 at 1-2.) The petition contains nine grounds. Accordingly, the motion for leave to add additional grounds will be denied as moot. To the extent petitioner is seeking a ruling from the Court that his grounds will not be dismissed as procedurally defaulted, the motion is denied. Whether any of petitioner's claims are unexhausted and/or procedurally defaulted is an issue that may be raised by respondents in a motion to dismiss. The Court will address any such contentions at that time.

Finally, petitioner has filed a motion to extend his copywork limit. Petitioner asserts that he has reached his $100 copywork limit and therefore needs a court order extending it. Petitioner's request is based on speculation as to what type of pleadings he may need to file in this action. At this time there is nothing for petitioner to file as the Court is directing a response from respondents and, under the habeas rules, the relevant state court record will be furnished by respondents. Accordingly, the Court will deny petitioner's speculative and overbroad motion without prejudice, to renew when there is a specific basis for doing so.

2

It is therefore ordered that petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner will not be required to pay the filing fee.

It is further ordered that petitioner's motion for appointment of counsel (ECF No. 1-5) is denied.

It is further ordered that petitioner's motion for leave to add additional grounds (ECF No. 1-3) is denied as moot.

It is further ordered that petitioner's motion to extend prison copywork limit (ECF No. 1-4) is denied without prejudice.

It is further ordered that the Clerk of the Court file the petition (ECF No. 1-1).

It is further ordered that the Clerk file the motions for appointment of counsel (ECF No. 1-5), motion for leave to add additional grounds (ECF No. 1-3), and motion to extend copywork limit (ECF No. 1-4) and reflect on the docket that each has been denied by way of this order.

It is further ordered that the Clerk add Adam P. Laxalt as attorney for respondents and informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

It is further ordered that respondents will have sixty (60) days from entry of this order within which to respond to the petition. Any response filed must comply with the remaining provisions below.

It is further ordered that any procedural defenses raised by respondents in this case mustbe raised together in a single consolidated motion to dismiss. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614,

///

623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that respondents file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally send a hard copy of all exhibits filed to, for this case, the Reno Clerk's Office.

It is further ordered that petitioner has thirty (30) days from service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of Court for filing.

DATED THIS 9th of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE