UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TRAVIS BOWLES,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:18-cv-00272-MMD-WGC

ORDER

I. **INTRODUCTION**

This *pro se* habeas petition filed under 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss. (ECF No. 13.) Petitioner challenges his state court judgment of conviction, following a jury trial, of six counts of lewdness with a child under the age of fourteen. (Exhibit ("Ex.") 59.)[1] Respondents argue the petition is partially unexhausted, procedurally defaulted, and non-cognizable. (ECF No. 13.) Petitioner has not opposed, and the time for doing so has expired.

II. **DISCUSSION**

A. **Exhaustion**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner must first exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely—to the highest state court level of review available. *See e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief
///

---

[1] The Court refers to the exhibits filed at ECF Nos. 14–18.

on the federal constitutional claim. *See e.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See e.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Respondents argue that Ground 7, in part, Ground 8, and Ground 9 of the petition are unexhausted. (ECF No. 13 at 5-7.) The Court will address each ground in turn.

**1. Ground 7**

In Ground 7, Petitioner alleges ineffective assistance of counsel. (ECF No. 4 at 15.) Ground 7(1)[2] asserts that Public Defender Nickel, who had a conflict of interest, improperly represented Petitioner for three months before moving to withdraw. Ground 7(2) asserts that Nickel was ineffective for failing to challenge two continuances of the preliminary hearing without Petitioner's consent, and that this also violated his speedy trial rights. Ground 7(3) asserts that Nickel was ineffective for failing to challenge the Affidavit of Probable Cause and the five criminal complaints that were submitted, added, changed or replaced without procedural due process. Ground 7(4) asserts that Nickel failed at the preliminary hearing to object to the prosecutor's leading questions of its own complaining witness. Finally, Ground 7(5) asserts that Nickel was ineffective for failing to cross examine the State's witness as to prior consistent statements and for failing to demand discovery.

///

///

///

///

---

[2]Respondents refer to the sub-parts of Ground 7 as 7(a) through 7(e). However, Petitioner has provided his own numbering, (1) through (5), so the Court references Ground 7's subparts using Petitioner's designations in the petition.

Save for Ground 7(1), which is exhausted, the remainder of Ground 7 has never been presented to, nor actually decided by, the state's highest courts. (*See* Exs. 75, 81, 83, 161, 167, 169.) Grounds 7(2) through 7(5) are therefore unexhausted.

**2. Ground 8**

In Ground 8, Petitioner asserts that appellate counsel was ineffective for failing to raise numerous instances of prosecutorial misconduct and vindictiveness, but he does not elaborate on what those instances were. The remainder of Ground 8 complains of the state court's handling of this claim during postconviction proceedings. (ECF No. 4 at 17.)

As will be discussed *infra*, the latter part of Ground 8 is not a cognizable claim. The remainder of Ground 8 is unexhausted, as it has not ever been presented to or actually decided by the state's highest courts. (*See* Exs. 75, 81, 83, 161, 167, 169.)

**3. Ground 9**

In Ground 9, Petitioner asserts that appellate counsel was ineffective for not arguing that the district court failed to confirm it had jurisdiction over the petitioner, violated his due process rights, and allowed leading questions of the two minor complaining witnesses during the preliminary hearing. (ECF No. 4 at 19.) None of these claims has been presented to, or actually decided by, the state's highest courts. (*See* Exs. 75, 81, 83, 161, 167, 169.) Ground 9 is therefore unexhausted.

**B.    PROCEDURAL DEFAULT**

Respondents argue that Ground 4 is procedurally defaulted. (ECF No. 13 at 8.) Ground 4 asserts counsel was ineffective for failing to argue that the criminal statute under which Petitioner was convicted was unconstitutional as applied. (ECF No. 4 at 9.) Respondents, apparently interpreting Ground 4 as asserting only the underlying substantive claim, argue that Ground 4 is procedurally defaulted because the Nevada Court of Appeals found the substantive claim procedurally barred.

A federal court cannot review a claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*,

///

3

328 F.3d 1039, 1046 (9th Cir. 2003) (citation omitted). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *See* 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *See Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Respondents are correct that the Nevada Court of Appeals found the substantive as-applied claim procedurally barred pursuant to Nev. Rev. Stat. § 34.810(1)(b), as it could have been, but was not, raised on direct appeal. (Ex. 169 at 5.) The Ninth Circuit has held that application of this bar is an independent and adequate state ground for procedural default. *See Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). Thus, the substantive aspect of Ground 4—to the extent it is asserted—is procedurally defaulted.

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *See Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499

///

4

U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Petitioner has failed to argue, much less establish, cause and prejudice to excuse the procedural default of the substantive aspect of Ground 4. The motion to dismiss Ground 4 to the extent it asserts the substantive as-applied claim will therefore be granted. The procedural default does not, at this juncture at least, extend to all of Ground 4. As noted, Ground 4 is primarily an ineffective assistance of counsel claim. That claim has never been presented to the state's highest courts and is therefore unexhausted. Accordingly, Ground 4 is procedurally defaulted to the extent it asserts a substantive as-applied constitutional claim and unexhausted to the extent it asserts an ineffective assistance of counsel claim.

### C. COGNIZABLE CLAIMS

In the latter part of Ground 5, which Respondents designate as 5B, Petitioner asserts that the state district court violated his Fifth Amendment due process rights by not conducting an evidentiary hearing on his claim that counsel was ineffective for failing to challenge the language of the charging documents and jury instructions. (ECF No. 4 at 11.) In part of Ground 6, which Respondents designate as 6B, Petitioner asserts that the district court failed to conduct an evidentiary hearing on his postconviction claim that counsel was ineffective for failing to file a motion to suppress. (ECF No. 4 at 13.) Respondents correctly argue that these claims are not cognizable on federal habeas review. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[E]rrors in the state post-conviction review process [are] not addressable through habeas corpus proceedings."). The motion to dismiss Grounds 5 and 6 in part, to the extent they assert the above claims based on state postconviction proceedings, will therefore be granted.

///

Ground 8 also asserts, in part, a similar claim based on the trial court's handling of the postconviction petition. To this extent, Ground 8 is not cognizable, and will also be dismissed.

### III. OPTIONS ON A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

### IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 13) is granted in part and denied in part as follows:

1. Grounds 4, in part, 7(2), 7(3), 7(4), 7(5), 8 and 9 are unexhausted;

2. Ground 4 is dismissed with prejudice, in part, to the extent it asserts a substantive constitutional as-applied claim as procedurally defaulted; and

3. Grounds 5, 6 and 8 are dismissed with prejudice to the extent they assert claims based on errors in the state postconviction process.

It is further ordered that, within 30 days of the date of entry of this order, Petitioner must file either: (1) a motion to dismiss the unexhausted claims without prejudice; (2) a motion to dismiss the entire petition without prejudice so that he may return to state court

///

to exhaust his unexhausted claims; or (3) a motion for other appropriate relief, including a motion to stay and abey his exhausted claims while he returns to state court to exhaust his unexhausted claims. Failure to timely comply with this order will result in the dismissal of this mixed petition without prejudice, and without further advance notice.

DATED THIS 16th day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE