UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRAVIS BOWLES, <br><br> Petitioner, <br> v. <br> ISIDRO BACA, *et al.*, <br><br> Respondents. | Case No. 3:18-cv-00272-MMD-WGC <br><br> ORDER |

On May 16, 2019, the Court entered an order granting in part and denying in part Respondents' motion to dismiss, which had not been opposed by Petitioner. (ECF No. 20.) As the petition in this action was deemed to be mixed, the Court directed Petitioner to elect how he would like to proceed. (*Id.*) In response, Petitioner filed a motion to vacate the Court's order of May 16, 2019, arguing that he did not know he could file a response to the opposition to dismiss but would have done so had he known. (ECF No. 21.) The Court construes Petitioner's motion as a motion for reconsideration.

Absent highly unusual circumstances, the Court should grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error, or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *See Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. "A party seeking reconsideration . . . must state with particularity

the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1.

Neither Petitioner's motion nor his reply sets forth a basis justifying vacatur of the Court's prior order. First, in its order directing service of the petition and a response, the Court specifically told Petitioner that he could file an opposition to a motion to dismiss within thirty days of service of the motion. (ECF No. 3 at 4 ("It is further ordered that petitioner shall have 30 days from service of the answer, motion to dismiss, or other response to mail a reply or response to the clerk of court for filing.").)

Second, the local rules provide a default time period for opposing a motion to dismiss: fourteen days. *See* LR 7-2(b). Petitioner's argument that Local Rule 7-2(b) does not and cannot apply in habeas cases is frivolous.

Petitioner was therefore on notice in at least two different ways that a response to the motion to dismiss could be filed—if not within thirty days than at least within fourteen days.[1] His arguments to the contrary are unavailing and unpersuasive. Petitioner's arguments that there has been a change in factual or legal circumstances are also unpersuasive.

It is therefore ordered that Petitioner's motion to vacate (ECF No. 21) is denied.

///
///
///
///

---

[1] Petitioner asserts that he did not receive the Court's order directing service and a response. However, the docket of this action indicates that a copy of the order was mailed to Petitioner at his institutional address of record, and no returned mail has been received by the Court. The Court is therefore not necessarily persuaded by Petitioner's assertion, but the issue is unnecessary to decide. Regardless of whether Petitioner received the Court's order, Petitioner was on notice via the local rules that he could file an opposition to the motion to dismiss.

It is further ordered that Petitioner will have fifteen days from the date of entry of this order to make an election as set forth in the Court's order of May 16, 2019. Failure to do so will result in the dismissal of this mixed petition without prejudice and without further advance notice.

DATED THIS 3rd day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE